**Julian McMillan (SBN241937)**
**McMillan Law Group, APC**
4655 Cass St., Suite 404
San Diego, CA 92109
PH: 619.795.9430
FX: 619.241.8291

Attorney for Plaintiff
ROBERT FRUMKES

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

ROBERT FRUMKES, an individual

Plaintiff

v.

TESLA INC., a Delaware Corporation, d/b/a TESLA MOTORS INC.,

Defendant
_____

Case No.: **'21CV129   L       MSB**

**COMPLAINT FOR DAMAGES**

**DEMAND FOR JURY TRIAL**

Plaintiff alleges as follows:

## JURISDICTION

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332 because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00. Plaintiff is a citizen of the State of California.

2. This Court further has subject matter jurisdiction over this matter as Plaintiff brings claims under 15 U.S.C. §2310 *et. seq.*

3. This Court further has supplemental jurisdiction pursuant to 15 U.S.C. § 1367 over Plaintiff's state law causes of action as they arise out of a common nucleus of operative fact and are intertwined and interrelated.

4. Defendant Tesla Inc. is a Delaware corporation incorporated in and existing under the laws of Delaware and having its principal place of business in California.

## PARTIES

5. As used in this Complaint, the word "Plaintiff" shall refer to Plaintiff, Robert Frumkes.

6. Defendant TESLA INC. is and was a Delaware corporation doing business in Santa Clara County, in the State of California. At all times relevant hereto, Defendant TESLA INC. was/is engaged in the business of manufacturing, marketing, selling, and/or distributing Tesla vehicles.

7. All acts of corporate employees as alleged were authorized or ratified by an officer, director, or managing agent of the corporate employer.

8. Each Defendant whether actually or fictitiously named herein was the principal, agent (actual or ostensible), or employee of each other Defendant and in acting as such principal or within the course and scope of such employment

1  or agency, took some part in the acts and omission hereinafter set forth by reason
2  of which each Defendant is liable to Plaintiff for the relief prayed for herein.
3    9.  The claims identified in this Complaint arise out of the sale of a
4  Vehicle from Tesla Inc. dba Tesla Motors Inc., located in Palo Alto City, in the
5  County of Santa Clara, in the State of California, as well as the failure to repair the
6  said Vehicle by Defendant Tesla Inc. dba Tesla Motors Inc.

## FIRST CLAIM FOR RELIEF BY PLAINTIFF AGAINST DEFENDANT BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY 15 U.S.C §2310(d) AND CAL. CIV. CODE §1794

10.  On or about October 5, 2017, Plaintiff purchased a 2017 Tesla Model S (V.I.N.: 5YJSA1E28HF228668) (hereafter "Vehicle"), which was manufactured, distributed, or sold by Defendant. The total consideration which Plaintiff paid or agreed to pay, including taxes, license, and finance charges, is $97,865.76. The Vehicle was purchased primarily for personal, family, or household purposes. Plaintiff purchased the Vehicle from a person or entity engaged in the business of manufacturing, distributing, or selling consumer goods at retail.

11.  In connection with the purchase, Plaintiff received an express written warranty in which Defendant undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period. In the relevant part, the warranty provided that if a defect developed with the Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to Defendant's representative, and the Vehicle would be repaired.

12.  During the warranty period, the Vehicle contained or developed various defects including but not limited to, defects with the Driver Assistance

System, touch screen, and other electrical systems that cause the Vehicle to turn off the internal display while operating the Vehicle.

13. Additionally, the Vehicle exhibits defects in the air conditioning, network connectivity, and electrical systems which routinely cause them to restart or fail to work as intended.

14. Plaintiff does not feel safe operating the Vehicle. Pursuant to 15 U.S.C. § 2301 and Cal. Civ. Code §§ 1792 and 1791.1, the Vehicle's sale was accompanied by Defendant's implied warranty of merchantability. The duration of the implied warranty is coextensive in period with Defendant's express warranty.

15. The implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements: (1) the Vehicle will pass without objection in the trade under the contract description; (2) the Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately contained, packaged, and labeled; and (4) the Vehicle will conform to the promises or affirmations of fact made on the container or label.

16. On or about January 5, 2018, or during the period in which the implied warranty was in effect, the Vehicle contained or developed defects stated above. The existence of these defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labeled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

17. Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle and has exercised a right to cancel the sale. By serving this Complaint, Plaintiff does so again. Accordingly, Plaintiff seeks the remedies provided in California Civil Code section 1794(b)(1), including the entire purchase price. Plaintiff seeks the remedies outlined in California Civil Code

§1794(b)(2), including the diminution in value of the Vehicle resulting from its defects. Plaintiff believes that, at present, the Vehicle's value is *de minimis*.

18. Plaintiff was damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this claim pursuant to 15 U.S.C. §2310(d) and Civil Code §1794.

19. Defendant does not maintain an informal dispute resolution process to resolve claims for breach of the implied warranty of merchantability and does not maintain an informal dispute resolution process for resolving express warranty claims that complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

## SECOND CLAIM FOR RELIEF BY PLAINTIFF AGAINST DEFENDANT BREACH OF THE IMPLIED WARRANTY OF FITNESS 15 U.S.C. §2310(d) AND CAL. CIV. CODE. § 1794

20. Plaintiff incorporates by reference the allegations contained in all paragraphs stated above.

21. Defendant is a manufacturer, distributor, or seller who had reason to know at the time of the retail sale that the Vehicle was required for a particular purpose and that Plaintiff was relying on the Defendant's skill or judgment to select or furnish suitable goods.

22. Pursuant to 15 U.S.C. § 2301 and pursuant to Cal. Civ. Code. § 1792.1, the Vehicle's sale was accompanied by Defendant's implied warranty that the Vehicle would be fit for Plaintiff's particular purpose. The duration of the implied warranty is coextensive in period with the Defendant's express written warranty.

23. On or about June 15, 2018, or during the period in which the implied warranty was in effect, the Vehicle contained or developed the defects stated

1   previously herein. The existence of each of these defects constitutes a breach of
2   the implied warranty because the Vehicle is not fit for Plaintiff's purpose.
3       24.   Plaintiff has been damaged by Defendant's failure to comply with its
4   obligations under the implied warranty, and therefore brings this claim pursuant to
5   15 U.S.C. § 2310(d) and Civil Code § 1794.
6       25.   Defendant does not maintain an informal dispute resolution process
7   to resolve claims for breach of the implied warranty of merchantability and does
8   not maintain an informal dispute resolution process for resolving express warranty
9   claims that complies with the requirements of 15 U.S.C. § 2310(a) and the rules
10  and regulations adopted pursuant thereto by the Federal Trade Commission.

## THIRD CLAIM FOR RELIEF BY PLAINTIFF AGAINST DEFENDANT BREACH OF EXPRESS WARRANTY 15 U.S.C. § 2310(d) AND CAL. CIV. CODE §1794

15      26.   Plaintiff incorporates by reference the allegations contained in all
16  paragraphs stated above.
17      27.   Under Defendant's warranty, Plaintiff delivered the Vehicle to
18  Defendant's representative in this state to perform warranty repairs. Plaintiff did so
19  within a reasonable time. Plaintiff was told the Technicians believe the Driver
20  Assistance System overheated causing damage to other hardware and associated
21  systems including the autopilot module. Additionally, Plaintiff was informed the
22  display's failure was a firmware defect and that Defendant's authorized repair
23  facility, could not ultimately repair the Vehicle.
24      28.   Plaintiff has been damaged by Defendant's failure to comply with its
25  obligations under the express warranty, and therefore bring this claim pursuant to
26  15 U.S.C. § 2310(d) and Civil Code §1794.
27      29.   Defendant's failure to comply with its obligations under the warranty
28  was willful, in that Defendant and its representatives were aware of their

obligations to repair the Vehicle under the express warranty. Still, they intentionally declined to fulfill that obligation. As well, Defendant was aware of the defect when Plaintiff purchased the Vehicle. Accordingly, Plaintiff is entitled to a civil penalty of two times actual damages pursuant to Cal. Civ. Code § 1794(c) and 15 U.S.C. § 2310(d).

30. Defendant does not maintain an informal dispute resolution mechanism that complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant to thereto by the Federal Trade Commission.

## FOURTH CLAIM FOR RELIEF BY PLAINTIFF AGAINST DEFENDANT FAILURE TO PROMPTLY REPURCHASE PRODUCT 15 U.S.C. § 2310(D) AND CAL. CIV. CODE § 1793.2(d)

31. Plaintiff incorporates by reference the allegations contained in all paragraphs stated above.

32. Defendant and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of attempts. Despite this fact, Defendant failed to promptly replace the Vehicle or make restitution to Plaintiff as required by Civil Code §§ 1793.2(d) and 1793.1(a)(2), and therefore brings this claim pursuant to § 1794.

33. Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code §§ 1793.2(d) and 1793.1 (a)(2), and therefore brings this claim pursuant to § 1794.

34. The provisions of Civil Code § 1793.2(d) existed at the time Defendant gave the express warranty. For that reason, those provisions were incorporated into the terms of the express warranty by operation of California law. Accordingly, Defendant's violation of § 1793.2(b) was a breach of terms of the express warranty, and Plaintiff brings this claim pursuant to 15 U.S.C. § 2310(d).

35. Defendant's failure to comply with its obligations under § 1793.2(d) was willful, in that Defendant and its representative were aware that they were and are unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of repair attempts. Yet, Defendant failed to promptly replace the Vehicle or make restitution promptly. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to §1794(c) and 15 U.S.C. § 2310(d)

36. Defendant does not maintain a qualified third-party dispute resolution process which substantially complies with § 1793.22. Despite Defendant's violation of § 1793.2(d) and its notice thereof, Defendant failed to comply with its obligations within a reasonable time. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code § 1794(e) and 15 U.S.C. § 2310(d).

37. Plaintiff seeks civil penalties pursuant to § 1794, subdivisions (c) and (e) in the alternative and does not seek to cumulate civil penalties as provided in § 1794(f).

38. Defendant does not maintain an informal dispute resolution mechanism that complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

**FIFTH CLAIM FOR RELIEF BY PLAINTIFF AGAINST DEFENDANT FAILURE TO COMMENCE REPAIRS WITHIN A REASONABLE TIME AND TO COMPLETE THEM WITHIN 30 DAYS 15 U.S.C. § 2310(d) AND CAL. CIV. CODE § 1794**

39. Plaintiff incorporates by reference the allegations contained in all paragraphs stated above.

40. Although Plaintiff delivered the Vehicle to Defendant's representative in this state, Defendant and its representative failed to commence

the service or repairs within a reasonable time. They failed to service or repair the Vehicle to conform to the applicable warranties within 30 days, violating Civil Code § 1793.2(b).

41. Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to § 1793.2(b), and therefore brings this claim pursuant to §1794.

42. The provisions of Civil Code § 1793.2(b) existed when the Defendant gave the express warranty. Thus, those provisions were incorporated into the terms of the express warranty by operation of California law. Accordingly, Defendant's violation of § 1793.2(b) was a breach of the terms of the express warranty, and Plaintiff brings this claim pursuant to 15 U.S.C. §2310(d).

43. Defendant's failure to comply with its obligations under § 1793.2(b) was willful in that Defendant, and its representative were aware that they were obligated to service or repair the Vehicle to conform to the applicable express warranties within 30 days, yet they failed to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to §1794(c) and 15 U.S.C. § 2310(d).

44. Defendant does not maintain an informal dispute resolution mechanism that complies with the requirements of 15 U.S.C. §2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

## SIXTH CAUSE OF ACTION NEGLIGENT REPAIR

45. Plaintiff incorporates by reference the allegations contained in all paragraphs stated above.

46. Defendant, Tesla Inc. owed a duty to Plaintiff to use ordinary care and skill in storage, preparation, and repair of the Vehicle according to industry standards. By failing to properly repair the Vehicle, Defendant breached that duty of ordinary care and skill.

47.     Plaintiff has been informed by representatives of Defendant that "there is no fix" for the problems with the "MCU".

48.     Defendant Tesla Inc.'s negligence was a proximate cause of Plaintiff's damages.

## **PRAYER**

PLAINTIFF PRAYS for judgment against Defendant as follows:

1. For Plaintiff's damages in the amount of at least $97,865.76
2. For restitution to Plaintiff in the amount of at least $97,865.76
3. On Plaintiff's Third Claim for Relief, for a civil penalty in the amount of $195,731.52 which is two times Plaintiff's damages, pursuant to Civil Code § 1794(c) and (e) and 15 U.S.C. §2310(d).
4. On Plaintiff's Fourth Claim for Relief, for a civil penalty in the amount of $195,731.52, which is two times Plaintiff's damages, pursuant to Civil Code § 1794(c) and (e) and 15 U.S.C. §2310(d).
5. On Plaintiff's Fifth Claim for Relief, for a civil penalty in the amount of $195,731.52, which is two times Plaintiff's damages, pursuant to Civil Code § 1794(c) and (e) and 15 U.S.C. §2310(d).
6. For any consequential and incidental damages.
7. For punitive damages in the amount of at least $100,000.
8. For costs of the suit and Plaintiff's reasonable attorney fees pursuant to Civil Code §1794(d) and 15 U.S.C. § 2310(d)
9. For prejudgment interest at the legal rate.
10. And for such other relief as the Court may deem proper.

1 | Dated: January 18, 2021 MCMILLAN LAW GROUP, A.P.C.

By: /s/Julian McMillan
Julian McMillan, Esq.
Attorney for Plaintiff
ROBERT FRUMKES

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action asserted herein.

Dated: January 18, 2021                MCMILLAN LAW GROUP, A.P.C.


                          By:   /s/Julian McMillan
                                Julian McMillan, Esq.
                                Attorney for Plaintiff
                                ROBERT FRUMKES